That will proceed to the next case on the oral argument calendar, which is United States v. Hayes. You may proceed. Good morning. May it please the Court, Wendy Obermeyer for Desmond Hayes, and I'll request three minutes for rebuttal, and I'll watch my time. In its denial of compassionate release, the District Court abused its discretion at every step. And I'll start today detailing the Aruda error that requires remand. The District Court held that the compassionate release statute itself, 3582C, required the defendant to show he is not a danger under 3142G. And that, of course, is not the correct standard, as this Court explained in Aruda, which came out five months before this District Court's opinion, of which the government had filed a supplement making the District Court aware of that opinion. But yet the District Court still misstated the law at the very beginning of its short denial in this case. So that alone is an abuse of discretion when the Court applies an incorrect legal standard that requires remand. Counsel, could I ask you a question? Yes. The District Court, if I'm recalling correctly, in addition to stating the correct standard, also went on to say that he was denying the motion because of the dangerousness of Mr. Hayes, or because of concern about that. And my understanding, which I hope you'll correct me if I'm wrong, was that in applying this standard for compassionate release, the District Court is permitted to look at all the 3553A factors under 18 U.S.C. 3553A. And one of those factors is specifically to protect the public from further crimes of the defendant. And if I'm right in that, then why couldn't the District Court consider dangerousness? Thank you for the question. Yes, the District Court first stated, you know, an incorrect standard as to danger. But yes, this Court is correct and has clarified in Keller that danger is also a relevant factor under 3553A. But, of course, it's not the only factor. It is not the exclusive factor under 3553A. And so when we turn to the Court's very last paragraph, those two sentences and its denial, it's unclear if the danger finding is tied to 3142G or if it's tied to 3553. But regardless, it doesn't take into account Mr. Hayes' circumstances today. There is no tying of this particular finding to any particular factor. This Court would have to, you know, presume what the District Court was finding as to which factor, and has to presume that the Court considered all of the mitigating evidence put forward about Mr. Hayes' behavior in prison with no prison discipline. His low security risk by the BOP. He is only at criminal history two. He, you know, had only one prior. He has family support. All of that information is not addressed by the District Court, even in passing. And so under Keller, yes, the District Court can deny on 3553 grounds alone. But, again, danger is not the exclusive factor. And there has to be enough explanation and consideration of the current circumstances to assure this Court that the, you know, the analysis was thorough and complete. And that's what we lack in this case. So it fails under both Aruda in finding that, you know, danger was statutorily required. And it also fails under Keller because the 3553 mention is insufficient because it's not sufficiently tied to the record in this case. The Court gives two generic facts. One is that it's an armed robbery case, just generically, which, of course, does not preclude compassionate release. But no specific circumstances of this particular offense are discussed. But he, as I remember the facts of his conviction, he pointed a sawed-off shotgun as part of an armed robbery. Couldn't the trial judge say that consideration of the danger presented by the fact of pointing a shotgun in an armed robbery made the rest of the considerations regarding family support and good low criminal history, et cetera, irrelevant or outweighed those factors? But what you're saying is the judge has to go and say something about those other factors, that they are outweighed by the dangerousness, in order to be a valid consideration of dangerousness. What we're requesting is what has long been held since Gall and Rita, is that just that there's sufficient explanation. There's no checklist that is required. But enough that this Court can be assured that there were specific circumstances both, of course, of the original offense and of the circumstances today and the risks known to Mr. Hayes today, both the risks to his health and then any risks he may pose today, that that be sufficiently explained. And looking at the various decisions that this Court has affirmed, there's typically more information given by district courts. And, of course, that varies by case, the amount that's required. But what we have here, the Court has to add in those assumptions. And that's what makes this case fail the Keller and the abuse of discretion standard, is that to affirm this 3553A finding, the Court has to assume that various arguments were considered and various arguments were rejected or persuasive or not. Even the amount of time served, courts go both ways with that. That could be a neutral factor. That could be, you know, against release or for release. So it needs more explanation to survive the Keller abuse of discretion review. Would it be enough for the judge to say I've considered all the mitigation evidence and all the circumstances which are submitted by the petitioner or the applicant and I've rejected them in view of the dangerousness? I believe that's getting closer to what this Court certainly has affirmed. And we don't have that here, again, with this very terse denial that's not tethered to any factors to give insight into what the Court weighed. One question on Arruda. What do you make of the judge's supplemental order saying he didn't rely on the government's argument? I believe it certainly could have been more clear. The judge's argument. Your argument is he did, and there's language in his initial order to support that. And then he said, no, I didn't. What do we make of that? Well, again, I think we're left with a record where it's unclear. It's unclear what the district court understood the standard to be. He initially states the wrong standard, and then the very next day says it does not rely on a waived argument, but doesn't elaborate as to what he understands that argument to be. And so I think because it's unclear to affirm on this record, we're instead having the parties go back, ensuring the correct standard is applied, would be the best course of action than presuming from a silent record. Thank you, counsel. Good morning. May it please the court, Elizabeth White for the United States. I'm going to go sort of in a different direction here and start from a different place. Mr. Hayes argued that in light of the COVID-19 pandemic, his being an African-American man who was diagnosed with schizophrenia was an extraordinary and compelling reason to release him from prison. And the district court disagreed, finding the district court finds defendant's circumstances are not extraordinary and compelling. And I think at bottom, the question in this appeal is whether the district court had the discretion to reach that conclusion, because if he did, and I really don't think there can be any question but that he did, then everything else kind of falls by the wayside. In his order, perhaps conflating the subsections 1 and 2 of 3582C1A, he misstated the second step of the analysis. But you don't get to the second step of the analysis if there aren't extraordinary and compelling circumstances. And what this court said in Keller is that, yes, to grant compassionate release, you have to go through all of those steps. But to deny compassionate release, you don't. And what the district court found here is that being an African-American man who was diagnosed with schizophrenia isn't an extraordinary and compelling circumstance to release, or extraordinary and compelling reason to release him from prison. And that, you know, the consequence of ARRUDA, right, if we're not going to be tied to the policy statement and the sentencing guidelines, district courts have broad discretion to decide what qualifies as extraordinary and compelling. Did he make an express finding that the fact that he was subject to COVID and he was black were not compelling reasons? Yes. He said what the order says, it starts out by saying it is a very short order, but he says that the defendant moves for compassionate release premised upon his fear of contracting COVID-19 in conjunction with his status as an African-American male diagnosed with schizophrenia. The court finds defendant's circumstances are not extraordinary and compelling. And the difficulty I have with that is that it doesn't appear to be a factual finding. What it appears to be is saying no court has granted a motion on that basis. And this is ‑‑ I mean, you've got a tough order to defend, and I appreciate your argument. I think that I don't read this as making any kind of legal conclusion. I am not permitted to find that this is extraordinary if no other court has found that this is extraordinary. I find this as the court saying these circumstances aren't extraordinary and compelling. And, by the way, no other court has disagreed with that. Yeah, but he didn't say that, really. Well, he said ‑‑ He just said no other court has said that. It's true, yes. He didn't say by the way. But he did say that the defendant's circumstances and the circumstances that they pointed out is that he's an African-American man diagnosed with schizophrenia who's managing it well. I mean, they said even though he's managing it well, they say the fact that he's been diagnosed with schizophrenia is an African-American man. And I'm not sure how much more the judge would have had to say. I mean, he could have quoted the Webster Dictionary definition of extraordinary, but at the end of the day ‑‑ It could have relied on what your government argued in its brief on vaccination status. He had it before. There aren't any ‑‑ He just didn't cite any of that. Yes. But he made that ‑‑ He reached that conclusion. And whether you call it ‑‑ I mean, I was actually going back and forth about this last night because this court has been very clear that your standard of review is abuse of discretion. But step one of the district court's analysis is determining whether the defendant's circumstances are extraordinary and compelling. And that is ‑‑ It's kind of a factual finding, right? I mean, it's kind of ‑‑ The court says that it ‑‑ The court finds, it says the court finds that his circumstances are not extraordinary and compelling. And if that's the case, then your review is for clear error. And in determining whether it's clearly erroneous to say that a black man with schizophrenia is extraordinary and compelling, the fact that other courts have rejected that argument and no court has accepted that argument can factor into your determination of whether that's clear error. Now, like I say, he could have said more. He didn't say more. And I think that, frankly, I think that if this were a defendant who had diabetes and was obese and was a smoker and was in a prison where there were a lot of cases of COVID, you know, and the court was going to find that that was not extraordinary and compelling, then I think the court would probably be obligated to explain himself a little bit better, you know, to explain why he's sort of taking a position that's against the weight of the authority and what actually would have been probably against the government's position if someone had all of those circumstances. We would generally concede the extraordinary and compelling, at least prior to the vaccines. And so, but in this case, this, frankly, I mean, the district court didn't think that this was a close call. And I'm not sure how you find that that's either clear error or abusive discretion. I think the broader concern, and I'm not saying that necessarily applies to this case, is that feedback we get from district judges is that you aren't giving us enough guidance on compassionate release and what we should be doing. And I can't look at this order and say that's the way it should be done. Now, that may or may not enter into the decision because it's abusive discretion and we have to get to the bottom line and see whether there's legal error in it, which would be an abusive discretion. But, I mean, I think that's sort of the broader issue. Yes, and I think that there are so many of these cases. Right. I mean, you know, we've had hundreds of these in the District of Nevada. Judge Jones has decided 25 or 30. He's granted four or five, you know, some over the government's objection. And so what I would say is that to the extent that there needs to be guidance about how the court should make that determination, there are a lot of close calls out there in pending cases where you could provide that guidance. This, to me, just doesn't seem like, you know, it is an abusive discretion standard. It's not a case that disagrees with any other case with respect to these factors. And even if it did, I mean, as I had started to say, the consequence of a RUDA is that district judges have discretion. And so you put together sort of a constellation of circumstances and one district judge might say, wow, that seems extraordinary to me. That seems compelling to me. And another judge might say, you know, that doesn't seem extraordinary or compelling to me. And this is, you know, that's the post-Booker world, the post-RUDA world. We're not going to have perfect consistency. Exactly. But in this case, there isn't inconsistency. And I think the judge pointing out that there isn't inconsistency in his finding with other findings goes into either deciding that it's not clear error or if you're going to go the abusive discretion standard, you know, what this court said in Hinkson is, first of all, is the correct legal rule? Well, on step one, the legal rule is the judge has to find extraordinary and compelling circumstances. And then is the judge's conclusion implausible, illogical, or without support in the record? And I don't see how you can look at this fact and say that it is. Questions? Thanks. Thank you so much. Why is this ruling by Judge Jones violative of the Hinkson standard of clear error? Or does clear error apply here? It's abusive discretion, which if there's a clear factual error, that is an abuse of discretion. So he has two steps. One, does he apply the correct legal standard? Are there extraordinary circumstances, right? And if he determines that there are no extraordinary circumstances, isn't that a factual determination, which we review as far as being illogical, improbable, or without basis in the record? And if we do, what's wrong with his decision that being black, schizophrenic, and afraid of COVID doesn't make for extraordinary circumstances? Well, the court's, and it's one statement that he doesn't believe those are extraordinary and compelling. The court gives one reason, and that reason is both legally and factually incorrect. That reason is that the defense had failed to cite a single case where those factors were considered. Well, that depends on how you read his statement. I mean, the first, you could read the two first statements as, number one, on a factual issue, the circumstances are not extraordinary and compelling. And number two, as a legal basis, no court has ever found these to be extraordinary or compelling. That's a backup issue. Why can't you read it that way?  Schizophrenia is the second highest risk factor for death or hospitalization for COVID. So I think with the government saying if he was obese or diabetic, we know those are risk factors. Schizophrenia is higher than that. It's the second under age. And so for this court not to address that whatsoever and just summarily appear to completely dismiss this serious high risk factor, in addition to race is also recognized by the CDC as its more severe impact. And so to say also that there have been no courts to consider these factors in grants is not true. We provided five to the district court. We provided three more to this court where schizophrenia, race, and gender, either in combination, you know, all of these cases are unique circumstances. So your argument is really on the first basis of Hinkson, which is he read the law wrong. That's correct. Okay. And I see I'm out of time. Thank you. Thank you, counsel. Thank you both for your arguments and traveling over here for the arguments as well. Case is heard. We'll be submitted for decision and we'll proceed.
judges: THOMAS, GOULD, BEA